Frederick *v.* Berwind-White Coal Mining Company (et al., Appellant).

Argued October 24, 1934.

Before TREXLER, P. J., KELLER, CUNNING-HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Francis A. Dunn,* and with him *B. F. Warfel,* for appellant.

*Robert W. Smith,* for appellee.

OPINION BY KELLER, J., January 4, 1935:
Alfred Frederick, on June 1, 1931, while employed

as a car repairman in the car shop of the Berwind-White Coal Mining Co. accidentally fell from a scaffold board a distance of about six feet and injured his right foot. A compensation agreement was entered into on June 26, 1931 and a final receipt signed by claimant on July 8, 1931, he having returned to work on July 6, 1931. On December 5, 1931 the claimant filed a petition to review setting forth that he had found that he was unable to work and was still disabled. An answer was filed by the employer, and after a hearing the referee found that the claimant was not totally disabled but that there was still some disability in his foot and that the employer had offered an operation to correct this condition. He ordered the final receipt to be set aside as of December 5, 1931 and compensation renewed at the rate of $15 per week.

The claimant underwent the corrective operation suggested, and on July 25, 1932 the employer filed a petition to terminate the compensation payments on the ground that the claimant had since the operation fully recovered and was no longer disabled as a result of the accident. The claimant filed an answer denying that he had recovered and asserting that he was still disabled. A hearing was had before the referee at which Dr. J. H. Galbraith, the surgeon who performed the corrective operation, and other surgeons testified at length. The referee, on September 15, 1932, found that the claimant had fully recovered from the effects of the accident and ordered that compensation be terminated as of July 18, 1932. The claimant did not appeal from this order.

On November 10, 1932 the claimant filed a petition setting forth that his disability from the accident had recurred, that his leg was getting weaker and that he was unable to work, and praying that the award be reinstated. To this the employer filed an answer denying the averments in the petition and averring that

the petitioner had fully recovered and was able to follow, without disability, his occupation of car repairman if such employment were obtainable.

After a hearing at which evidence was presented on behalf of both parties the referee found as a fact that the claimant had not suffered a recurrence of disability and that the status of his condition had not changed since the last hearing and refused to reinstate the award of compensation.

On appeal by the claimant to the board, the findings and conclusions of the referee were sustained and the appeal was dismissed.

The claimant then appealed to the Court of Common Pleas of Blair County, which reversed the board and remitted the record for further hearing and decision. The ground for its action was that the doctors who testified for the defendant admitted that they had examined claimant's foot only once since the previous hearing, and then only for about ten minutes, and that the "evidence upon which the decision of the compensation board was based was insufficient and incompetent under the law."

We think the court below misconstrued the situation of the parties.

The order of September 15, 1932, unappealed from, was an adjudication that the claimant's disability had ceased on July 18, 1932. In the present proceeding to reinstate compensation on the ground of recurrence of disability the burden was on the claimant to prove his case, not on the employer to disprove it.

The physician called by the claimant to prove his case was a general practitioner,—not a surgeon,—who on October 26, 1932 took an x-ray picture of the claimant's feet. He was not an x-ray expert. He had never seen claimant's right foot before that date. He knew nothing of its condition on July 18, 1932 or September 18, 1932. He does not say that he carefully

examined the claimant's foot or did more than make the x-ray plate. His testimony was based on the x-ray picture. The left foot, the uninjured foot, showed arterio-sclerosis and some stiffness in the joints, 'some joint fibrosis'—he called it—which is defined to be 'the development of a substance of fibrous texture' (Century Dictionary); the right foot, the injured foot, he said, showed more fibrosis than the left foot, and the foot was not as arched as the other one. He thought the claimant could not perform the work of a car repairman with a foot in this condition. He did not say that the condition was due to the accident, though he believed that "holding the foot in the cast hastened the fibrosis." It will be noted that the uninjured foot also showed arterio-sclerosis, stiffness and joint fibrosis in the x-ray picture. The claimant is sixty-three years old.

The doctors called by the employer, on the other hand, one of whom had seen the injured foot prior to the operation, had performed the corrective operation and treated the foot until it was in his judgment fully recovered, also examined the x-ray plates produced by claimant's physician and examined the claimant's foot prior to the last hearing and gave it as their opinion that the operation was successful, that the foot was fully recovered from the accident, that there was no recurrence of disability from the accident, and that claimant was not suffering from any disability caused by the accident. While their examination just prior to this hearing was a brief one it was made in connection with their prior extensive knowledge of the condition of claimant's foot and with their examination and reading of the x-ray plates produced by claimant's physician.

It was for the referee, and on appeal, the Workmen's Compensation Board, as the fact finding body, to determine whether from all the evidence the claim-

ant had sustained the burden resting on him, and their finding that he had not, was a pure finding of fact which is not reviewable by the courts. The length of time necessary to be spent by a surgeon, who was acquainted with the former condition of a foot, who saw it before any operation was performed, who performed a successful corrective operation upon it and treated it until it was, in his judgment, fully recovered, in re-examining the foot in order to determine whether the disability caused by the accident has recurred, is a matter for the fact finding body, not the courts—and if from all the evidence the board was of opinion that the claimant had failed to establish his case, the court cannot interfere with their finding and conclusion.

The witnesses for the employer were competent to testify. Their evidence would have been sufficient to sustain a finding by a jury. It is sufficient to sustain the action of the board in refusing to disturb the unappealed order of September 18, 1932.

The order of the court below is reversed and that of the Workmen's Compensation Board is reinstated and affirmed.