Corrento *v.* Ventresca et al., Appellants.

Argued March 11, 1941.

*J. Webster Jones,* for appellant.

*S. Thomas Bucciarelli,* for appellee.

OPINION BY STADTFELD, J., April 23, 1941:

This is an appeal from the judgment of the Court of Common Pleas No. 1 of Philadelphia County, affirming an award of compensation to the widow of Gerardo

Corrento, made by the referee and affirmed by the board.

The decedent, Gerardo Corrento, was employed by the defendant, Pacifico Ventresca, on a sewer construction project in the city of Philadelphia on August 11, 1939. In the course of the excavation work being performed that morning, four dynamite charges were set off. Between eight and fifteen minutes following the last blast, a sewer wall, which had previously been constructed, caved in and fell upon the decedent, who had gone into the sewer excavation to do some pick and shovel work. He was buried under the bank by the slide and suffered severe injuries as a result of which he died.

Defendant denied that decedent's death was compensable, on the ground that the injuries resulting in his death had not been sustained by an accident "in the course of his employment" within the provisions of the Workmen's Compensation Act of June 2, 1915, P. L. 736, art. 3, §301, as reenacted and amended by the Act of June 4, 1937, P. L. 1552, §1, and as further reenacted and amended by the Act of June 21, 1939, P. L. 520, §1 (77 PS §431). This position was based upon the contention that decedent had, himself, set off the charge of dynamite contrary to positive orders of his employer and in violation of an ordinance of the city of Philadelphia, which, it is claimed, prohibited the use of dynamite without having previously obtained a license.

Section 3 of Ordinance of 1901, P. 110 of the city of Philadelphia provides: "No person, firm or corporation shall manufacture, have, keep, sell or use any high explosive *in any building* within the limits of the City of Philadelphia until he shall have obtained a license from the Mayor. Such license shall be granted by the Mayor upon sworn application in writing, stating the place or building in which the applicant desires to manufacture, have, keep, sell or use any high explosives. and said license may be granted to cover one

or all of the said explosives as the applicant may desire. Said license shall specify what high explosives may be manufactured, had, kept, sold or used by the licensee, and the amount of each high explosive which the licensee may have at one place at one time. ...... Every such license shall continue in force until the first day of January next succeeding ...... Provided further, That no license shall be granted by the Mayor until the Fire Marshal shall have certified to him that he has examined the premises upon which the applicant for a license desires to manufacture, have, keep, sell or use any high explosive, and that in his opinion the license *may be granted without endangering the public safety*." (Italics supplied).

After hearing had upon the claim petition and answer, the referee made, inter alia, the following finding: "3. That on August 11, 1939, Gerardo Corrento, Dec'd, while working in the course of his employment by the defendant, at Clarkson Street and Rising Sun Avenue, in the City of Philadelphia, met with an accident wherein while digging a sewer, the walls of the sewer excavation caved in, resulting in injuries to his physical structure, which caused him to be totally disabled on and after August 11, 1939, and which resulted in his death at the Jewish Hospital, Philadelphia, on October 28, 1939."

The opinion of the Workmen's Compensation Board embodied the following additional findings of fact: 1. That the decedent died as a result of the cave in, the defendant having produced no competent evidence that the death resulted from the firing of the charge of dynamite. 2. That "the deceased's duties included dynamiting, although his fellow employe, Ventresca, also did blasting." 3. The board was not convinced that the decedent set off the charge, there being "no positive evidence that the deceased, rather than Felix Ventresca, actually set off the blast." 4. That "no orders against blasting were given by the defendant to the deceased,

or else he (defendant) acquiesced in their violation."
5. That the defendant had not discharged his burden
of proving that the accident was caused by the employe's
violation of law.

A careful review of the record in the instant case
discloses testimony to the effect that decedent was down
in a sewer excavation, working with pick and shovel,
between eight and fifteen minutes after the last blast
prior to the collapse of the wall. It further appeared
that Frank Martino, another employe of appellant, testi-
fied that he had been working on the previous day at
the same location where the accident occurred and that
the sewer wall was in a weakened and unsafe condition.
This testimony constitutes sufficient legally competent
evidence to support the board's finding that decedent
died as a result of the cave-in directly caused by im-
proper shoring of the sewer walls, and the conclusion
that he had died as the result of an accident in course
of his employment. Where the findings of fact are
based on legally competent evidence they are conclu-
sive, and our courts have no power to weigh the evi-
dence and revise those findings or reverse the final ac-
tion of the board; and this is so, even though there is
legally competent evidence which, if believed, would
have justified different findings: *Pelosi v. Overbrook
Tile Co.*, 138 Pa. Superior Ct. 30, 10 A. 2d 118; *Ferrante
v. Ferrante et al.*, 123 Pa. Superior Ct. 74, 186 A. 426.

Section 301 of the Workmen's Compensation Act,
supra, provides that when employer and employe shall
by agreement, either express or implied, accept the elec-
tive compensation provisions of the act, "compensation
for personal injury to, or for the death of such employe,
by an accident, in the course of his employment, shall
be paid in all cases by the employer, without regard to
negligence, ...... provided that no compensation shall
be paid when the injury or death is intentionally self-
inflicted, or is caused by the employe's violation of law,

but the burden of proof of such fact shall be upon the employer."

In answer to appellant's contention seeking to set up the decedent's violation of law as a bar to compensation in accordance with the provision of Section 301 of the Act, attention need only be called to another of the board's findings. The board found that appellant had not discharged the burden of proving that the accident was caused by the employe's violation of law, since it was not "convinced that the decedent set off the charge." While it is true that the witness, Felix Ventresca, testified that the decedent had set off the blasts, the testimony contained in the record also shows that Ventresca, decedent's fellow-employe, often did the blasting, and that at the time of the accident he was on the surface, at the top of the bank, where the switch was located, and the decedent was down in the excavation. Supported by this testimony as well as evidence relating to the circumstances under which the dynamite had been set off, the finding of the board cannot be held to be erroneous. It is for the referee, and on appeal, the Workmen's Compensation Board, as a fact finding body, to determine whether from all the evidence a party to the action had sustained the burden resting on him, and their finding that he had not, is a pure finding of fact which is not reviewable by the courts: *Frederick v. Berwind-White Coal Co.*, 115 Pa. Superior Ct. 581, 176 A. 60.

In the absence of a finding that decedent had set off the charge of dynamite it is unnecessary for the purposes of this case to consider whether the ordinance in question, which it is alleged the decedent violated, is restricted in its operation to explosives *within a building*.

Finally, it is contended by appellant that the decedent had violated the positive orders of his employer in setting off the charge of dynamite. Here, again, we need only call attention to the finding of the board that "no

orders were given by the defendant to the deceased, or else he (defendant) acquiesced in their violation." Apparently the board refused to believe appellant's testimony that he had given such orders, but, on the contrary, inferred that he had sanctioned the act of setting off the dynamite. The testimony shows that he was only 1500 feet away from the place where the accident happened; that he must have heard all four blasts and yet made no effort to investigate or reprimand anyone; and that he came over to the scene of the accident only when summoned by Ventresca's shouting that Corrento had been hurt in the excavation.

In this connection it should be noted that if the decedent did (contrary to the finding of the board) set off the charge of dynamite, that act was within his ordinary duties. For appellant himself testified that decedent had been hired for the specific purpose, among others, to do the dynamiting. The Supreme Court of this Commonwealth has stated, and this court has frequently repeated the principle that injuries resulting from acts which are negligent or constitute wilful misconduct, or are in direct hostility to or in defiance of positive orders of the employer, are compensable if the employe's duties include the doing of the act that caused the injury, or were so connected with the act that as to it he was not in the position of a stranger or trespasser: *Dickey v. Pittsburgh & Lake Erie R. R. Co.*, 297 Pa. 172, 146 A. 543; *Franks v. Point Marion Bridge Co.*, 128 Pa. Superior Ct. 269, 279, 280, 193 A. 421 (and cases therein cited); *Delbene v. Pine*, 144 Pa. Superior Ct. 353, 19 A. 2d 533.

This court is of the opinion that the decedent died of injuries by accident in the course of his employment and nothing in the facts of this case, or in the law applicable thereto, bars the claimant's right to compensation.

Judgment is affirmed.