## Mancuso, Appellant, v. Mancuso et al.

Argued April 24, 1942.

Before .KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*William A. Challener, Jr.,* with him *William A. Challener,* for appellant.

*David M. Kaufman,* for appellee.

OPINION BY RHODES, J., July 23, 1942:

In this workmen's compensation case the referee made an award in favor of claimant. The board found claimant had not established that an accident occurred, and sustained defendant's appeal. On appeal by claimant the court of common pleas agreed with the board and entered judgment for defendant. This appeal by claimant followed.

Claimant is disabled as the result of a reversed spondylolisthesis, which is a condition where the fifth lumbar vertebra has slipped backward from the sacrum. He had a congenital condition which gave him a potentially weak back in that area.

The board substituted its own finding for the referee's eighth finding of fact, and made an additional finding of fact—the eleventh finding of fact:

"Eighth: On October 26, 1940, the claimant had been doing his regular work; he had placed several bags of cement weighing 94 pounds each on a truck; he bent down to pick up the bottom one of a pile and when he straightened up and swung around he felt a tearing in his back. He finished loading three or four more bags, drove the truck back to the job, and next day went to see a doctor.

"Eleventh: The claimant failed to establish the occurrence of an accident."[1]

The board set aside the referee's second conclusion of law, and substituted the following:

"Second: Since the claimant failed to establish the happening of an 'accident' within the meaning of the Workmen's Compensation Act he is not entitled to compensation."

Claimant's disability is not compensable unless the result of an accident in the course of his employment. *Crispin v. Leedom & Worrall Co. et al.*, 341 Pa. 325, 328, 19 A. 2d 400. The burden was on claimant to show by competent evidence that his disability was accidental and not from natural causes or from the normal progress of his condition. *Mooney v. Yeagle et al.*, 107 Pa. Superior Ct. 409, 415, 164 A. 82; *Gausman v. R. T. Pearson Co.*, 284 Pa. 348, 354, 131 A. 247; *Monahan v. Seeds & Durham et al.*, 336 Pa. 67, 71, 6 A. 2d 889. It was for the board as the final fact-finding body to determine from all the evidence whether claimant had sustained the burden resting upon him, and its finding that he had not is a pure finding of fact. *Frederick v. Berwind-White Coal Mining Co. et al.*, 115 Pa. Superior Ct. 581, 584, 585, 176 A. 60; *Corrento v. Ventresca et al.*, 144 Pa. Superior Ct. 358, 363, 19 A. 2d 746. Although the board was not bound to accept the testimony of claimant and his physician (*Bakaisa v. Pittsburgh & West Virginia R. Co.*, 149 Pa. Superior Ct. 203, 27 A. 2d 769), their testimony sustains the findings of the board. See Act of June 21, 1939, P. L. 520, §1, 77 PS §834. Defendant's medical testimony is not printed in the record.

In *Royko v. Logan Coal Co. et al.*, 146 Pa. Superior Ct. 449, 22 A. 2d 434, we summarized the principles

---

[1] See section 301 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, June 21, 1939, P. L. 520, 77 PS §§411, 431.

applicable to cases of the type of the present one, and they need not be repeated.

Claimant is suffering disability from his present pathological condition, but we agree that the record presented to us fails to establish that such disability is due to an accident sustained in the course of his employment rather than from the normal progress of his pre-existing physical condition.

There is no dispute concerning the circumstances surrounding claimant's immediate disability. He testified that he had been employed by defendant for about thirteen years. Excerpts from his testimony read:

"Q. What is the nature of [your employer's] business? A. Oh, general concrete work. ...... Q. What is the nature of your employment? A. Why, I'm a truck driver and I work right along with the gang. ...... Q. Will you state whether or not it was your duty to assist in the general laboring work? A. Yes, it was my duty. ...... Q. Why did you go to the garage? A. To get the necessary amount of cement we needed for [a] job. Q. What was the cement contained in? A. Paper bags. Q. How much did each weigh? A. 94 pounds. Q. Did anything happen to you while you were loading these cement bags? A. Well, I pulled into the garage and started to load. When I had about six or seven on the truck, and I went to pick up the last sack on that particular pile—not the last sack I had to load, but the last one on that pile—the bottom sack on that pile— as I picked that up and swung around, I felt a tearing around my back."

The next day he visited his family physician who referred him to Dr. M. A. Blumer, an orthopedic surgeon. Dr. Blumer testified on claimant's behalf. His examination disclosed that claimant had an anatomical defect of the first sacral segment of the spine, which pre-existed the date of the alleged accident, and that it was a congenital condition resulting in a potentially weak back. He further testified:

"Q. Will you state your professional opinion as to what effect that lifting of the bag had on the condition as shown in the X-ray as you found on your examination? A. In this particular case, lifting of a heavy weight would cause strain on the ligaments about the lumbosacral junction because that's the point of the greatest amount of motion of the spine. Now, in a normal back this strain might be carried, but in this particular case we note that he has an anatomical anomaly, that is, a congenital defect, which gives him a potential weak back, and therefore any added strain to the weak portion of his spine would cause a trauma or a disability which in this case presents itself as a spondylolisthesis reversed," "or posterior displacement of the fifth lumbar on the sacrum."

In the present case it is apparent that there is no evidence of an external occurrence that could be termed an accident in common parlance or within the meaning of the Workmen's Compensation Act. *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 577, 578, 164 A. 724; *Crispin v. Leedom & Worrall Co. et al.*, supra; *Paydo v. Union Collieries Co.*, 146 Pa. Superior Ct. 385, 22 A. 2d 759. Claimant, at the time of the alleged accident, was performing his regular work in the usual manner.[2] There was no mishap, and there was nothing unusual in the lifting of the bag of cement; there was no exertion other than that required by his usual and ordinary labor for the day. The criterion of "unusualness" is not whether the act causing the injury was unusual, generally speaking, but whether it was unusual and untoward in the course of the employment in which the employee was engaged. *Weissman v. Philadelphia Electric Co.*, 111 Pa. Superior Ct. 353, 355,

---

[2] See *Powell v. Hills Garage et al.*, 150 Pa. Superior Ct. 17, 27 A. 2d 773; *Hoon v. State Workmen's Insurance Fund et al.*, 149 Pa. Superior Ct. 236, 27 A. 2d 776; *Kusevich v. H. J. Heinz Co.*, 149 Pa. Superior Ct. 232, 27 A. 2d 778.

170 A. 318. As claimant's doctor testified, claimant had a congenital condition which resulted in a potentially weak back. The spondylolisthesis reversed or the posterior displacement of the fifth lumbar on the sacrum which has caused claimant's disability was not the result of an undesigned, unexpected or fortuitous external event outside of the usual incidents attendant upon the work in which claimant was engaged and which he had been doing for many years.

Although Dr. Blumer testified that any added strain to the weak portion of claimant's spine would cause a trauma, he cannot assume an accident or that which it was necessary for claimant to prove. On the other hand, he testified that the type of work which claimant was performing would have a tendency, sooner or later, to so weaken the ligamentous structures that they would give way at one time or another when a heavy weight was lifted, and that the 94-pound sack of cement was not unusual in weight with reference to claimant's usual employment.

Such testimony also supports the eleventh finding of fact of the board. See *Ferraro v. Pittsburgh Terminal Coal Corp.*, 142 Pa. Superior Ct. 22, 28, 29, 15 A. 2d 559.

The conclusion of Judge CUNNINGHAM in *Eckenroad v. Rochester & Pittsburgh Coal Co.*, 149 Pa. Superior Ct. 257, 27 A. 2d 759, is entirely applicable to the case before us, and we make reference thereto without repeating what has there been so well said.

The judgment is affirmed.