Revilak, Appellant, *v.* Coca Cola Company of Pennsylvania et al.

Argued May 5, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Albert A. Kupiec,* for appellant.

*Elmer G. Klaber,* for appellee.

OPINION BY RHODES, J., July 16, 1943:

In this workman's compensation case the referee and the Workmen's Compensation Board refused compensation to claimant, widow of the deceased employee. The court below dismissed her exceptions and entered

judgment in favor of defendant. This appeal is from that judgment.

The board affirmed the referee's finding, inter alia, that the claimant had failed to prove satisfactorily that deceased sustained an injury by accident while in the course of his employment with defendant.

The burden was on claimant to prove to the satisfaction of the board as the final fact-finding body that deceased's death was caused by or resulted from an accident (*Bowers v. Schell's Bakery et al.,* 152 Pa. Superior Ct. 112, 31 A. 2d 442, 443), and not from natural causes (*Adams v. W. J. Rainey, Inc.,* 133 Pa. Superior Ct. 538, 541, 3 A. 2d 270); and the finding that claimant had not sustained the burden resting upon her is a pure finding of fact (*Frederick v. Berwind-White Coal Mining Co. et al.,* 115 Pa. Superior Ct. 581, 584, 585, 176 A. 60; *Mancuso v. Mancuso et al.,* 150 Pa. Superior Ct. 22, 24, 27 A. 2d 779).

The board was of the opinion that deceased's death could have been the result of an accidental injury or of natural causes, and that it would be mere conjecture to give a cause. See *Reap v. Kehoe-Berge Coal Co. et al.,* 140 Pa. Superior Ct. 510, 515, 14 A. 2d 147. Claimant's position is that the cause of her husband's death was a brain injury occasioned by a fall. See *Lettrich v. Allegheny Steel Co.,* 149 Pa. Superior Ct. 660, 664, 27 A. 2d 257. However, if his death was due to a natural cause—spontaneous cerebral hemorrhage—claimant would not be entitled to compensation, as disability overtaking an employee at work is not compensable unless it is the result of an accident. See *Good v. Pennsylvania Department of Property and Supplies et al.,* 346 Pa. 151, 154, 30 A. 2d 434.

Deceased was alighting from an elevator when, as testified to by a fellow employee, he stepped on a small piece of glass. He recovered his balance, straightened up, and then fell backwards, striking his head on the

concrete floor, and sustained a skull fracture. He did not make "any attempt to catch himself," and he had a generalized convulsion on striking the floor. He remained unconscious until his death in the hospital five hours later.

The medical experts seemed to agree that the cause of death was a hemorrhage within the brain and spinal canal. But there was a difference of opinion as to whether the fall caused the hemorrhage or a hemorrhage caused the fall. However, all the medical witnesses testified that an autopsy would have established the cause of the hemorrhage. Claimant refused to permit a post mortem examination. See *Swiderski v. Glen Alden Coal Co.*, 114 Pa. Superior Ct. 21, 28, 173 A. 865. Consequently, an essential fact remained conjectural, and the finding of the compensation authorities was fully justified. They were not bound to accept the testimony of claimant's physician, Dr. Y. D. Koskoff, who testified that in his opinion there was a hemorrhage or brain bleeding which was caused by trauma. *Bakaisa v. Pittsburgh & West Virginia R. Co.*, 149 Pa. Superior Ct. 203, 27 A. 2d 769. He did not see deceased but based his opinion largely on the hospital records. He conceded that spontaneous hemorrhage might have caused death, and that he could not decide whether it would have occurred in deceased if he had not sustained a head injury by the fall. We think, without further discussion of this expert's testimony, that the compensation authorities could have reasonably concluded that his opinion was an unconvincing and unacceptable assumption which may or may not have been true.

Two physicians who attended deceased at the hospital were called by defendant. Dr. Glenn D. Dunmire testified that he could not definitely give the cause of death in this case; that there were several possible causes; that in his opinion the fractured skull did not cause deceased's death; that a post mortem exami-

nation would have disclosed the cause of death.

Dr. S. N. Rowe said he believed deceased died from extensive hemorrhage within his skull and spinal canal; that he did not know the cause of the hemorrhage; that deceased may have suffered an injury to his brain from the fall, or he may have suffered a spontaneous hemorrhage from an aneurysm, a weakened blood vessel, or an abnormal blood vessel associated with some other brain disease, which caused his death irrespective of injury sustained at the time of the fall; that an autopsy by a competent pathologist would have established the cause of the hemorrhage; that there was no proof that deceased had an injury to the brain but only an assumption based on X-rays and history; that the blood in the spinal canal did not necessarily come from a brain injury, but may have come from a hemorrhage which followed one of several pathological conditions.

Under all the evidence in this case the compensation authorities were certainly left in doubt as to the cause of deceased's death,[1] and we cannot interfere with their finding and conclusion—warranted by the evidence— that claimant failed to establish her case. *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51; *Hudek v. United Engineering and Foundry Co. et al.,* 152 Pa. Superior Ct. 493, 33 A. 2d 41.

Judgment of the court below is affirmed.

---

[1] The Workmen's Compensation Board in its opinion said: "Such an occurrence [hemorrhage] may be spontaneous and without inducing cause other than systemic weakness of the circulatory system, or it may be the result of trauma or external force. Under the evidence, death could have been the result of several possible causes, some of which stem from accident and others from a purely systemic condition. A direct finding by the board individuating the cause of death as accidental would be pure conjecture and, as we view it, an abuse of discretion. Where a death may have resulted from accident or purely natural causes, a claimant who seeks compensation must produce evidence individuating the former as the cause."