### Demuzzio, Appellant, *v.* Lattimer Coal Corporation.

Argued March 5, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*Roger J. Dever,* for appellant.

*Nathan Hyman,* with him *Frank L. Pinola,* for appellee.

OPINION BY Ross, J., July 19, 1945:

In this workmen's compensation case Joseph Demuzzio, husband of the claimant, while working as a miner in the Humbolt Colliery of the Lattimer Coal Company was killed by a fall of rock on March 12, 1943. The referee awarded the claimant compensation but the award was reversed by the Workmen's Compensation board. The court below sustained the decision of the board and dismissed the appeal.

For some weeks before Demuzzio was killed, he and a fellow miner, John Krivak, had been working in a breast about sixteen or eighteen feet wide from which several headings had been driven. About three weeks before Demuzzio was killed, Krivak, the decedent's regular work partner, notified the mine foreman, Patrick Sharkey, that the face of the breast was dangerous.[1]

The day before Demuzzio's death, the deceased and Krivak reported the condition of the place to Sharkey, the foreman, and Resuta, another foreman, that the place was getting bad; and on the morning that the deceased was killed, he and Sharkey went to the face of the chamber or face of the breast and together examined the place about which Demuzzio and Krivak had complained.[2]

---

[1] Krivak testified: "I notified the boss, Mr. Sharkey ...... that somebody should stop that place before somebody would get killed ...... the roof was getting worse and worse ...... the bottom was bad and the clod was cracked up, too."

[2] Sharkey testified: Q. "What else did you tell them with ref-

Foreman Sharkey later told Demuzzio and his temporary buddy, Pogar, on that day not to work in the face of the breast but to work in the heading.[3]

The material questions in this case are whether the deceased violated the orders of his employer by working in a prohibited place which was not incidental to his employment; and whether the findings are consistent with each other and the disallowance of an award can be sustained without a capricious disregard of competent evidence. *Schrock v. Stonycreek Coal Company*, 152 Pa. Superior Ct. 599, 33 A. 2d 522.

The conclusion which must be drawn after an examination of the record is that Demuzzio was killed in a place where he was ordered not to work and that this violation of his orders deprives the claimant of compensation. The appellant's contention that the deceased in violation of orders had a right to use his own judgment and work in the breast on the ground that he was on the premises of his employer at the time of his death is untenable.

We are of the opinion that the case at bar is governed by the principle of law set out in *Garrahan v. Glen Alden Coal Company*, 149 Pa. Superior Ct. 1, 26 A. 2d 138, where the decedent was instructed not to travel in the slope, but to use the manway. He was fatally injured using the slope. In the *Garrahan* case this Court in an opinion by RHODES, J. at page 8, quoting from *Dickey*

---

erence to the face, if anything?" A. "Well, Mr. Demuzzio came up to the face with me before I got him a buddy that morning to examine the place. Of course, he didn't go right to the face, but I and him stopped about four or five feet from the face. There was a crack in the rock big enough you could stick your fingers in and I had told Mr. Demuzzio to not go under it."

[3] Pogar testified: A. "Sharkey say, 'You two fellow work in the heading today. Don't go in the face in the breast and clean this coal out and fire cut out in the heading. Clean this coal out loose and come up drill. If you want to go other side, don't go in breast working.' He say work in heading. Joe say 'all right, all right, Sharkey'."

*v. Pittsburgh & Lake Erie Railroad Company,* 297 Pa. 172, 146 A. 543, stated: "Here was a plain violation of positive instructions. It concerned a matter designed for the safety and protection of employees. He had no duty to perform on the place of the accident or the instrumentality that killed him nor did his work bring him in any manner in contact with them; as to these he was a stranger. To sustain a different theory would weaken the beneficial effect of the law, take from the employer all opportunity to guard against accident and make discipline in a plant merely a thing of words only. *Where an employee violates a positive rule as to entering forbidden parts of the owner's premises about which he has no duty to perform,* or disobeys instructions against starting machinery or other dangerous agencies with which his work is not connected, and with which he has no business, and an injury results, he not only violates the orders of his employer, but is in the position of a trespasser, who without right, authority or permission, enters forbidden ground." (Italics supplied.)

This rule has been consistently applied by this Court in similar cases. See cases cited in *Garrahan v. Glen Alden Coal Company,* supra.

In the course of its opinion, the board after reviewing the testimony, stated "The decedent was ordered to work in the heading and prohibited from working in the fall or breast because of the apparent danger. The decedent's act in entering and working in the forbidden area took him out of the course of his employment and his presence therein was not required by the nature of his employment."

A finding of fact [4] by the Workmen's Compensation

---

[4] Finding No. 6. On March 12, 1943, the decedent was employed by the defendant as a miner. On that date he was instructed by his foreman not to go into the face of the chamber because of a dangerous roof condition. He was instructed to go in a heading just below the face of the chamber.

Finding No. 9. The decedent was fatally injured by an acci-

Board that a claimant has failed to show that a compensable accident has been sustained is conclusive and cannot be disturbed, if based upon sufficient legally competent evidence, even though there is also competent evidence which, if believed, would have justified different findings. *Eckenroad v. Rochester & Pittsburgh Coal Company,* 149 Pa. Superior Ct. 257, 27 A. 2d 759; *Corrento v. Ventresca et al.,* 144 Pa. Superior Ct. 358, 19 A. 2d 746. In this case there was sufficient legally competent evidence to sustain the findings of fact of the board; they are consistent with each other and compel an affirmance of the judgment for defendant.

Judgment is affirmed.

---

dent at a time when he was no longer engaged in the course of his employment and at a place where his presence was not required by the nature of the work.