Burke *v.* Baldwin-Lima-Hamilton Corp.,
Appellant.

Argued June 15, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*John W. Wellman*, with him *Chadwick, Petrikin, Smithers & Ginsburg*, for appellant.

*Joseph Hakun*, with him *Sheer & Mazzocone*, for appellees.

OPINION BY MONTGOMERY, J., September 15, 1967:

These two appeals arise from companion claims for workmen's compensation filed by dependents on account of the death of Dennis Burke. The decedent was injured on September 4, 1956, while employed by the Baldwin-Lima-Hamilton Corporation, appellant, when

a steel ring from a nearby machine flew off, striking his legs, which resulted in the traumatic amputation of his right leg at the knee and a fracture of the left femur. He died May 8, 1957, from a carcinoma of the rectum. The Workmen's Compensation Board found as a fact and also concluded "that the accident had no effect on the growth of the decedent's pre-existing cancer and did not accelerate his death on May 8, 1957", and denied compensation to the present appellees. On appeal to the Common Pleas Court by the claimants that court considered the aforesaid quoted statement as a conclusion of law and not as a finding of fact, reversed it and remanded the case to the Board for a redetermination based on all the evidence, including that of Dr. Salvadore Meshon who had been called by the claimants.

Whether an accident has an effect on a pre-existing condition is a question of fact and not a conclusion of law. However, regardless of whether it is designated a finding of fact or a conclusion, if it relates to a fact and not to the law, it is not reviewable by the courts if supported by competent evidence. *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 133 A. 256 (1926); *Pudlosky v. Follmer Trucking Company*, 206 Pa. Superior Ct. 450, 214 A. 2d 270 (1965). The limit of the lower court's power in this matter was a determination of the question as to the sufficiency of the evidence to support the facts found by the Board. It exceeded its power when it remanded the case to the Board with a direction to specifically consider the testimony of Dr. Meshon, which had previously been considered by it and rejected.

In support of its finding that there was no causal connection between the accident and the death there was an abundance of testimony given by three medical doctors, Dr. William A. Frazier, Dr. Edgar L. Ralston, and Dr. Richard C. Taylor, respectively a surgeon, or-

thopedic surgeon, and a pathologist. Dr. Frazier and Dr. Ralston had treated the decedent for his accidental injuries and Dr. Taylor had performed the autopsy.

Dr. Meshon, a general surgeon, had never seen the patient alive and testified from a twenty to twenty-five minute review of decedent's medical records on the day of the hearing before the compensation referee, October 13, 1959. Dr. Meshon's testimony was that the accident "played a part" in the death in a chain reaction manner. The testimony of Dr. Meshon was not acceptable to the Board because, as stated in its opinion, "Dr. Meshon's testimony fails to provide the unequivocal testimony of causation or acceleration of death that the Act requires and thus falls short of the standard of proof demanded by the law in such cases" and, "In addition, it is difficult to equate the opinion of a medical expert who never saw the patient alive and whose only knowledge of his history was a twenty to twenty-five minute examination of his medical records, with that of a general surgeon and an orthopedic surgeon, both of whom had attended him for several months prior to his death. We cannot ignore the superior opportunity of Dr. Frazier and Dr. Ralston to evaluate the condition of the decedent. Further, the testimony of the pathologist, Dr. Taylor, was supporting."

The testimony accepted by the Board in refusing compensation is conclusive of the question regardless of whether claimants' medical testimony would have justified contrary findings sufficient to support an award. *Bonzani v. Hillman Coal & Coke Company*, 150 Pa. Superior Ct. 356, 28 A. 329 (1942); and we find no capricious disregard of competent evidence. The credibility of the witnesses and the weight of their testimony were exclusively for the Board.

The orders of the court below are reversed and the orders of the Board are reinstated; and

The motion ex parte appellee to quash these appeals is refused.