Hoosca *v.* Lytle Coal Company, Appellant.

Argued December 15, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Henry A. Gordon,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY KELLER, P. J., January 27, 1938:

John Hoosca was seriously injured about the head and body on August 9, 1930, while in the course of his employment by the defendant, and a compensation agreement for total disability was entered into between the parties and approved by the Workmen's Compensation Board. On September 21, 1933 the defendant filed a petition to terminate the agreement on the ground that the injured employee had sufficiently recovered from the results of his injury to be able to go back to work on September 1, 1933. An answer was filed by the employee denying that his disability had changed or ceased or that he was able to go back to work.

The referee, to whom the matter was assigned for hearing, found that the claimant had fully recovered from the effects of his accidental injury by September 1, 1933 and that his existing total disability was the result of natural causes not attributable to the accident, and ordered the agreement terminated as of September 1, 1933.

The claimant appealed to the board, which after hearing, remanded the record to another referee for further hearing and determination, directing him to permit the defendant to amend its pleadings and to allow both sides to offer additional testimony, if they desired to do so.

The defendant having amended its petition so as to aver that the claimant had fully recovered from the effects of his accidental injury and that his existing total disability was the result of natural causes not attributable to the accident, the matter was heard by the second referee, who found that the claimant had fully recovered on August 31, 1933 from the results of his accidental injury and that the chronic myocarditis

and other conditions which totally disabled him at the time of the hearing were not aggravated by the accident but were the natural result of the progress of diseases which claimant had at the time of the injury.

On appeal to the board by the claimant the board reversed the findings of fact of the referee and found that the claimant, at the time of the hearing, was still suffering from vertigo and headaches and had attacks of dizziness which disabled him from working, and that the vertigo, headaches and attacks of dizziness were the result of the accidental injury to claimant's head on August 9, 1930; that his inability to work on August 31, 1933 was the direct result of his injury; and, accordingly, dismissed the petition.

There was competent medical testimony in the case to support (1) the findings of the referees or (2) the findings of the board. That being the case the law makes the findings of fact of the board final and conclusive: Act of June 26, 1919, P. L. 642, amending sections 418 and 423 of the Workmen's Compensation Act; *Vonot v. Hudson Coal Co.,* 285 Pa. 385, 390, 132 A. 347; *Vorbnoff v. Mesta Machine Co.,* 286 Pa. 199, 205, 133 A. 256; *Kucinic v. United E. & F. Co.,* 110 Pa. Superior Ct. 261, 264, 168 A. 344. Referees are only agents or representatives of the board. On appeal to the board, the board itself is the final arbiter on the facts, and it is immaterial how many referees may have disagreed with the board on the facts. The findings of fact of the board on the testimony, whether taken before the referee or referees or before the board itself, are conclusive on the courts if there is competent evidence to sustain them. There is in this case. Hence, the court below could do nothing but affirm the action of the board. Nor can we.

The judgment is affirmed.