Opinion by
 

 Keller, P. J.,
 

 On December 10, 1934 the claimant, Michael Tom-shuck, while taking down some scaffold forms, used in his employer’s cement or concrete construction work, fell, severely injuring his back and ribs and fracturing the os calcis
 
 [1]
 
 of both feet. An open agreement of compensation for total disability was entered into on February ,1,1935, which was approved on February 11,1935 by .the proper compensation authority. Compensation was paid claimant under it until March 13, 1939, when the defendant filed a petition to modify the agreement on the ground that claimant’s disability resulting from the accident had decreased from total to partial, to wit, to 25% disability. The certificate of a physician was attached to the effect that “said employe now suffers partial disability estimated at 25 per cent.”
 

 
 *392
 
 Claimant filed an answer denying the averments in the petition .and alleging that he was still totally disabled as a result of the accident.
 

 'The burden of proof was, of course, on the employer and its insurance carrier to prove the averments of the petition.
 

 The matter was assigned to a referee who found [2d finding] that claimant’s disability had “changed in extent ,on March 13, 1939, so that he was thereafter only disabled to the extent of 35% of his earning capacity,” and held that his compensation should be reduced accordingly.
 

 On claimant’s appeal to the board, based on the ground that the referee’s .second finding of fact was not supported by the evidence, the board vacated and set aside the findings of fact of the referee and substituted its own findings,
 
 inter alia,
 
 as follows
 
 [1]
 
 :
 

 “Fourth: Hearings were held June 1, 1939 ,and September 13, 1939, at which medical testimony taken indicated total disability but raised the question as to the causative relation of intervening syphilis.
 

 “Fifth: At a continued hearing January 9, 1940, hospital records were introduced and medical testimony taken which did not serve to determine that the syphilis was not related to the original injury nor to Show the percentage of disability due to the syphilis as an independent factor.
 

 “'Sixth: The claimant’s disability due directly to the accident and the resultant fiare-up of a latent syphilitic condition is total.”
 

 and the following conclusions of law:
 

 “First: The defendant failed to meet the burden of proof incumbent upon it to show that there was any decrease in the disability for which it was liable under its agreement of February 1, 1935.
 

 “Second: The defendant is not entitled to modification of its said agreement of February 1, 1935.”
 

 
 *393
 
 The employer and its insurance carrier appealed to the court of common pleas which affirmed the order of the hoard. From that judgment they appeal to this court, and complain that the board’s fifth finding of fact is not “based on sufficient competent evidence to justify same.” See section 422 of the Act of June 21, 1939, P. L. 520.
 

 The board’s findings are not what they should have been. They recite occurrences at the hearings rather than distinct findings of [fact based on the evidence at those hearings. The fifth finding might have been expressed more clearly, but when considered in connection with the board’s prior full discussion of the subject and the other findings of fact and the conclusions of law, there is no doubt in our minds as to their [meaning. The board, in effect, found that claimant was still totally disabled; that while medical testimony produced by the defendant .showed he was suffering from a syphilitic condition, it was not persuaded that this condition was not related to the original injury; but on the contrary it found that the claimant’s disability wasi due directly to the accident, which had caused a flare-up of a latent syphilitic condition; and that the defendant had not met the burden resting upon it to show a decrease of claimant’s disability resulting ’from the accident. There was medical testimony produced,, which,
 
 if accepted and adopted by the board,
 
 would have justified a finding that claimant’s total disability — which everybody now admits, ,and which has existed .ever since the accident of December 10,1934 — is not now
 
 wholly
 
 due to the accident, but had been affected by neuro-syphilis, a syphilitic condition of the spinal column, from which claimant is suffering, and for which he has had treatments since October 6,1936; and that his present physical disability because of the accident and unrelated to the syphiltic condition, would be about 25 per cent. On the other hand, there was also medical testimony produced on
 
 *394
 
 behalf of the claimant, that his syphilitic condition, if present when he was hurt, was latent or dormant at the time of the accident,, and that the very serious injuries which he received as a result -of his fall, caused the latent condition to flare up, and aggravated it, and that his present total disability, which is unquestionably permanent, is thus due to the accident. Indeed, Dr. Lewis testified: “He has a very severe bi-lateral os calcis fracture, the type of fracture which causes a disability in people without syphilis, which sometimes is total and permanent, even cases in which fixation of the ankle joint has been effected.”
 

 The board, as it had a right to do, evidently believed this physician’s testimony and adopted it as the basis for its findings, and refused to find — that is, to
 
 determine
 
 — that the syphilitic condition contributing to claimant’s present total disability was
 
 unrelated
 
 to— that is, was not aggravated by — the original injury. The board is the fact-finding body under the workmen’s compensation law. It is given specific authority to disregard the findings of fact of the referee and substitute its own findings (sec. 423 of Act of 1939, supra), and these findings are final (sec. 418); and the appeals to the court of common pleas and to this court were limited to a question of law (sec. 427), viz., whether the findings are supported by sufficient, competent evidence (secs. 422 and 427), which means nothing more than that there must be competent evidence in the record, adequate or sufficient to support or justify the
 
 finding.
 
 The question is, whether the findings of the board are supported by competent evidence sufficient to require their submission to a jury, if the proceeding were an action at law. We hold they are.
 

 The board, very properly, gave little weight to Dr. Cooke’s testimony (hearing of January 9, 1940), because he admitted that in arriving at his conclusions he had not been informed of, nor had he taken into
 
 *395
 
 account, the claimant’s fall and the very serious injuries which he sustained because of it. He admitted, moreover, (p. 63a) that if claimant had suffered an accident which caused .the fracture of both heel bones and ankles and injuries to his back, these things would cause a flare-up of his dormant or latent syphilitic condition.
 

 Claimant, prior to his accident, was able to do the active work of climbing up scaffolds and taking them down. If he then had syphilis it was dormant or latent, did not interfere with his work, and he had no knowledge of it. Since the fall he has been totally disabled, and this total disability is permanent. In September 1938 he was operated on twice. The surgeon removed from each heel “a portion of bone more or less half moon in shape approximately 2 inches in length and approximately a half inch in thickness from the outer and upper border of the heel bone where this spreading portion of the heel bone was pressing against the external malleolus and ankle and the three peroneal tendons which encircle the external malleolus.” He was not discharged from .these operations and the follow-up treatments until January, 1939. Notwithstanding these operations he is still totally disabled.
 

 We feel constrained to say that we concur in the criticism by the bo.ard of the practice of referee and counsel “putting answers directly into the witness’s mouth” (see p. 81a). We have already disapproved this practice in
 
 Paydo v. Union Collieries Co.,
 
 146 Pa. Superior Ct. 385, 22 A. 2d 759.
 

 The legal conclusions flowing from the board’s findings are supported by our decisions in
 
 Horwath v. Edw. G. Budd Mfg. Co.,
 
 127 Pa. Superior Ct. 154, 191 A. 675, and
 
 Zygmunt v. Copperweld Steel Co.,
 
 128 Pa. Superior Ct. 109, 193 A. 350.
 

 The appeal is dismissed and the judgment of the court below is affirmed at the costs of the appellants.
 

 [1]
 

 Literally, “bone of the heel,” the calcaneum or ankle bone forming the great bone of the heel.