Powell *v.* Hills Garage et al., Appellants.

18

Argued April 17, 1942.

Before Keller, P. J., Cunningham, Baldrige, Hirt and Kenworthey, JJ.

*John V. Wherry*, with him *Kent & Kent*, for appellants.

*Albert L. Thomas*, with him *Stuart A. Culbertson*, for appellee.

Opinion by Baldrige, J., July 23, 1942:

The controversial question in this compensation case is whether there was competent, substantial evidence to support a finding that claimant's death was not the result of an accident in the course of his employment.

Regan W. Powell, about 50 years of age, died February 20, 1939, as the result of coronary occlusion. He was employed as a garage mechanic and at the time of the alleged accident was lying on his back, resting on a mechanic's crib or "creeper," underneath a car tightening a nut on a tie rod with a socket wrench.

John Hill, his employer, stated that Powell was not engaged in doing anything unusual; that this was the same sort of work he had done plenty of times; and that "two-thirds of the work on an automobile is done on your back." This witness further stated that the wrench with which Powell was working had not slipped and nothing out of the ordinary had occurred in the doing of this work.

In the course of the operation in which deceased was engaged he collapsed and had great difficulty in breathing. Dr. K. A. Hines, the family physician, was summoned and he found the man acutely ill and directed that he be taken to Meadville Hospital where he remained until January 6, 1939, when he returned home. On February 19, of the same year he suffered another attack and died the following day from what was pronounced by the doctor as a coronary occlusion.

Dr. Hines and Dr. W. J. Rose, appointed by the referee as an impartial expert, both stated that the effort deceased exerted while he was under the car was the precipitating cause of the coronary occlusion. Dr. H. C. Winslow testified that in his opinion the heart attack was coincidental with the work being done; that there was no causal connection between what the decedent was doing and his death. Dr. Colletta Deissler, who made electocardiograms of Powell's heart, limited herself to stating that it was possible the exertion caused the coronary occlusion. The remaining medical witness, Dr. N. D. Mervine, who saw the deceased but once, a few moments before he died, expressed no opinion on the subject of the relation of the alleged accident to the death.

The referee's sixth finding set forth that the death of the deceased was the result of an accident sustained in the course of his employment on November 25, 1938. The board, following an appeal, stated that while there was some evidence in the case as to an unusual strain

due to a cramped position in which the decedent was lying while working with a socket wrench, that could not be considered as unusual in the type of work he was doing. The referee's sixth finding was accordingly vacated and in lieu thereof the board found as follows: "Sixth: The death of the decedent was not due to, or the result of the work he was doing at the time of the heart attack on November 25, 1938." Its second conclusion of law was: "The work operation performed by the decedent at the time of his heart attack did not constitute such an unusual or fortuitous occurrence as to come within the meaning of the word 'accident' used in the Workmen's Compensation Act of 1915 as amended, and did not, within the meaning of the said act result in his death." The order of the referee was set aside and the claim petition dismissed.

The court on appeal sustained exceptions to the action of the board and in its opinion stated: "We can but conclude that the evidence in this case does not support the conclusions of the Board. To the contrary, as we view the case, the evidence sustains the findings and conclusions of the Referee." The court clearly went beyond its province in attempting to substitute the referee's findings for those of the board. In the first place, the burden was upon the claimant to clearly prove a compensable accident. This the board found she failed to do. While no doubt the decedent was required to use considerable effort to accomplish his purpose the work in which he was engaged was of the same type that he ordinarily did. The essential elements of a compensable accident were lacking. See *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 3 A. 2d 377; *Harring v. Glen Alden Coal Co.*, 332 Pa. 410, 3 A. 2d 381; and *Crispin v. Leedom & Worrall Co.*, 341 Pa. 325, 19 A. 2d 400. In the second place the testimony offered by the claimant was for the consideration of the board. The ultimate responsibility rested with

that fact finding body and it could either adopt the referee's findings or entirely disregard them and substitute its own findings.

In *Tomshuck v. Wallin Concrete Corporation et al.*, 146 Pa. Superior Ct. 390, 23 A. 2d 74, we reiterated what we have previously said many times, that the board is given specific authority to ignore the findings of fact of the referee and substitute its own findings under section 423 of the Act of June 21, 1939, P. L. 520, 77 PS §854, and they are conclusive. In appeals following thereafter the lower court and this court are without authority to consider the credibility of witnesses or to weigh the evidence to determine its force and effect: *Rudolph v. Shannopin Coal Company*, 142 Pa. Superior Ct. 389, 396, 18 A. 2d 329. Matters for the courts to determine are confined to questions of law and include a determination of whether there is competent and substantial evidence in the record to justify the findings of the board.

The appellee directed to our attention that no testimony was taken before the compensation board; that its findings and order reversing the action of the referee were without a hearing, and contended therefore that they are void. A complete answer to this argument is found in *Baumeister v. Baugh & Sons Company et al.*, 142 Pa. Superior Ct. 346, 16 A. 2d 424. We there stated, speaking through President Judge KELLER, p. 349: "Referees are only agents or representatives of the board. It may set aside their findings if it disagrees with the inferences to be drawn from the testimony or differs as to the weight to be given the evidence. The findings of fact·of the board on the testimony, whether taken before a referee, or before the board itself, are conclusive on the courts, if there is sufficient or substantial competent evidence to sustain them: *Hoosca v. Lytle Coal Co.*, 129 Pa. Superior Ct. 434, 436, 196 A. 892."

In the instant case there was substantial competent evidence to support the board's findings and it clearly and comprehensively gave correct reasons for the conclusions it reached. The court fell into error in attempting to set aside its findings and conclusions and substitute therefor the referee's.

Judgment is reversed and here entered for defendant.