### Hammill, Appellant, *v.* Matthew Cummings Company; et al.

Argued April 20, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Wm. M. Kahanowitz,* with him *R. Herbert Buchman,* for appellant.

*R. G. Flannery,* for appellee, was not heard.

OPINION BY KELLER, P. J., July 23, 1942:

Claimant's husband, Charles H. Hammill, was an employee of the defendant, Matthew Cummings Company. He died on Saturday, July 23, 1938, while lying on a sofa at his home, of a coronary thrombosis, which is, in the language of the Workmen's Compensation Board, "the closure of the coronary artery of the heart, due to the pressure therein of a blood clot."

The evidence produced showed that on July 13, 1938, the employee had been taken from his usual labor of wheeling bricks and tossing them up to the bricklayers, and, along with several other laborers, had been assigned to the job of placing cornice stones, weighing 300 to 500 pounds each, in position. After working at this job on July 13 and 14, he was put back to his usual work on July 15, and worked at it regularly on working days—excluding Saturdays and Sundays—up to and including Friday, July 22.[1]

There was no competent testimony of any complaints made by the employee while doing this work on July 13 and 14, or immediately thereafter, of any ill effects resulting from said labor; or of any accident that occurred while he was helping to lift these stones.

The family physician of the deceased employee, who performed the autopsy, testified that in his opinion the extra or unusual exertion in lifting the cornice stones, precipitated a thrombosis, which gradually progressed until it resulted in a complete coronary occlusion. Two other medical witnesses called by the claimant testified

---

[1] It was averred in the claim petition that Hammill had died three days after lifting the stones; but the proof was as above stated, and the facts were so found by the referee and board.

that, in their opinion, the deceased employee's exertion in lifting the stones caused a strain which affected his heart and resulted in his death.

On the other hand, two medical witnesses called by the defendant testified that the coronary occlusion and consequent death were not caused by the lifting or alleged over-exertion on July 13 and 14.

The board reversed the referee's finding of fact on this point and substituted its own findings, that the deceased employee died from a coronary thrombosis or coronary occlusion, which condition did not result either directly or indirectly from any industrial accident sustained by him while in the employ of the defendant company, and accordingly entered an order disallowing compensation.

Claimant appealed to the court of common pleas, and, later, to this court from the judgment affirming the order of the board.

The board is the ultimate fact-finding body. There is substantial, competent evidence in the record to sustain the finding. Neither the court below nor this court has authority to disturb it: *Hoosca v. Lytle Coal Co.*, 129 Pa. Superior Ct. 434, 436, 196 A. 892; *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333-334, 24 A. 2d 51.

Judgment affirmed.