Bakaisa *v.* Pittsburgh & West Virginia Railroad Company, Appellant.

204

Argued April 17, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, HIRT and KENWORTHEY, JJ.

*Albert B. Graver,* with him *John S. Wendt,* of *Wendt & Graver,* for appellant.

*Murray J. Jordan,* for appellee.

OPINION BY KELLER, P. J., July 23, 1942:

This workmen's compensation case began with the filing on *October 22, 1938* of a claim petition averring that the claimant was injured on *January 12, 1937,* while in the course of his employment as a machinist helper. The description of the accident and injury in the claim petition was: "Hurt right knee, by hammer missing chisel."

The defendant, in its answer, denied that the claimant, while in its employment, received any injury to his right knee, or otherwise, on January 12, 1937 or thereabouts, or that he had hurt his knee while in its employment. It averred that the claimant had not claimed to have suffered any injury in the course of his employment, and gave no notice to it of any such injury, until late in the year 1937; that he never requested defendant to furnish medical services, but that, on complaint of an injury, defendant in September 1937 referred him to its physician. It further averred that claimant in June 1937 had informed it of an injury received not in the course of his employment, but otherwise, and on account thereof he had made claim against an insurance company that had issued an employees' group insurance accident policy covering accidental injuries received *out of the course of employment,* and had been paid $260 in weekly instalments of $10 each ending February, 1938. It also contended that the claim was barred because it had not been filed within one year after the alleged injury. This last mentioned contention is without merit. The year had not expired on January 1, 1938, when the Act of June 4, 1937, P. L. 1552, went into effect, which, in section 315, extended the time for filing claims to *two* years after the accident. This

extension applied to all claims not barred under the limitation in force when the Act of 1937 became effective.

The referee found [3d finding] that claimant on January 12, 1937 accidentally struck his right knee with a hammer when he missed hitting the chisel. He made no finding that claimant had reported the accident to his employer or that the latter had knowledge of it within ninety days after the occurrence of the injury, as required by the act in force when the accident occurred (Act of April 13, 1927, P. L. 186, sec. 311); his only finding with respect to this requirement was that "*Claimant testified* that at the time of the alleged accident he was working with Robert Lamb, and reported his injury five minutes later to Bill Shaffer, his immediate superior." This was not a finding of the *fact* to which claimant testified, and did not meet the requirement of the act. Lamb's testimony was very indefinite. He did not see the accident, but a day or two later had his attention called by claimant to the black and blue mark on his leg or knee. The referee awarded compensation.

On appeal to the board, that body vacated and set aside the referee's third, fourth, fifth, sixth and seventh findings of fact, which found that an accident had happened to claimant's knee, in the course of his employment, on January 12, 1937, as a result of which a tuberculous arthritis had developed there which totally disabled him, unless his right leg was amputated, and was likely to exist for an indeterminate period; and instead thereof, substituted the following findings of fact:

"Third: On January 12, 1937, while in the employ of the defendant, the claimant allegedly struck his right knee with a hammer. He testified that he reported the occurrence to his immediate superior within five minutes after it happened. He worked until May 1, 1937, at which time he laid off because of pain in his knee and did not return to his employment until July

12, 1937. During this period he was treated by Dr. Klee and after his return to work came under the care of Dr. Kerr. He quit work again October 9, 1937 and has not worked since. On October 12, 1937, he entered St. Joseph's Hospital and an operation was performed by Dr. Kerr. He was discharged from the hospital to his home October 22, 1937, when he was sent to Woodville, where his case was assigned to Dr. Mooney, under whose care he has remained ever since.

"Fourth: The claimant was, at the time of the hearing, forty-six years old. He was employed by the defendant in its roundhouse and repair shop ever since the year 1928. From July 12, 1937 to October 9, 1937, the period of his return to work, the claimant received full wages.

"Fifth: Medical testimony in behalf of the claimant was furnished by Dr. Voigt Mooney and Dr. Edward Klee. Dr. J. Huber Wagner and Dr. James P. Kerr testified in the defendant's behalf. The consensus of medical opinion based on operative procedure and x-ray pictures was to the effect that the claimant suffered [from] tuberculous arthritis of the right knee joint and that the prognosis was unfavorable. At the time of the hearing the claimant was totally disabled and his condition may eventually require an amputation.

"Sixth: At the hearing, counsel for the defendant moved that the claimant's petition be dismissed for the reason that the statute of limitations had run against him. This motion was refused by the referee and the case proceeded.

"Seventh: The claimant failed to show by the burden of proof that causal relationship existed between the alleged occurrence of January 12, 1937, and his disability beginning May 1, 1937. *We therefore find and hold as a fact* upon consideration of all the evidence and circumstances in the case that *the claimant's disability is not due to the accident which he alleges.*" (Italics supplied).

The board also substituted the following conclusions of law for those of the referee, supporting his award of compensation:

"Second: An accident having been alleged as of January 12, 1937, the claimant's petition for compensation, filed October 22, 1938, was filed within the time allowed by law.

"Third: Not having proven causal relationship between the accident alleged and his disability, the claimant is not entitled to recover compensation under the provisions of the Workmen's Compensation Act of 1915, as amended."

and dismissed the claim petition.

The claimant having filed a petition for a rehearing and reconsideration the board refused it in an opinion, in which, *inter alia*, it said:

"Our opinion reversing the award of compensation was founded upon a very careful review and consideration of *all* of the testimony upon the record. We were of the opinion then and after further review, we are of the same opinion now, that the claimant failed to establish by a fair weight of the evidence any causal relationship between an accident and claimant's disability due to the pathological condition in the right knee. There is substantial evidence upon the record to the contrary. The averments of the present petition do not warrant a further hearing. To grant the prayer would be an indulgence to which the claimant is not entitled, and would constitute unfair imposition upon the referee as well as the defendant."

On appeal to the court of common pleas by the claimant, that court reversed the board's order and sent the record back to it to make a *finding* as to whether the claimant did or did not sustain an accident on January 12, 1937, while in the course of his employment, and "such further findings and conclusions as flow from the

factual determination by the Board on that initial and all-vital finding."

The defendant appealed to this court.

The court below misunderstood the situation.

In order to recover compensation the claimant had the burden of proving to the satisfaction of the board—the ultimate fact-finding body—the affirmative of *both* of two questions of fact:

(1) Did claimant suffer an injury to his knee on January 12, 1937 while in the course of his employment with the defendant?

(2) Was such a blow on the knee on January 12, 1937 the cause of the tuberculous arthritis from which plaintiff has progressively suffered since May, 1937, and which now totally disables him from working?

If either of these questions of fact was resolved by the board adversely to the claimant it was not necessary to pass upon and determine the other. In such event, the award of the referee could not stand. For the tuberculous arthritic condition which now disables the claimant does not follow so directly and naturally from the alleged blow on the knee four months before as to demonstrate that it was caused by the blow or injury of January 12, 1937, even if it occurred.

We have already said that the testimony of an accidental injury to the claimant's knee, in the course of his employment, was unsatisfactory and indefinite. He recovered accident benefits on his group insurance accident policy of $10 a week for 26 weeks on his express assertion that the bruise to his knee had not been received in the course of his employment with the defendant.

But whether he had such an accident in the course of his employment on January 12, 1937, or not, he was not entitled to compensation unless the tuberculous arthritic condition which now totally disables him was caused by and resulted from such an accident, and the

board has expressly and distinctly found—and has reiterated it—that "the claimant's disability is not due to the accident which he alleges" happened on January 12, 1937.

Furthermore it must not be overlooked that the board expressly vacated and set aside the referee's finding of fact that an accident happened to the claimant on January 12, 1937 while in the course of his employment with defendant.

This might properly be construed as a finding by the board that the alleged accident had not happened, or that its happening had not been sufficiently proved to justify the finding. But rather than declare specifically that the occurrence as testified to by the claimant, though not sufficiently proved, had not taken place, the board, very properly took up the second of the two propositions that must be proved by the claimant in order to justify an award and found, in substance, that assuming such an accident had occurred as testified to by the claimant it was not the cause of the disability—the tuberculous arthritic condition—which prevents him from working.

The board is the fact-finding body. It is not bound to accept the testimony of the claimant or his physicians.[1] There is substantial competent evidence in the record that no such causal relationship exists between a blow on the knee on January 12, 1937 and the tuberculous arthritic condition which showed itself in May 1937 and has progressed until it now totally disables him.

In view of this finding, it is not essential that the

[1] See *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333-334, 24 A. 2d 51; *Coder v. Pittsburgh DesMoines Steel Co.*, 142 Pa. Superior Ct. 407, 410-412, 16 A. 2d 662; *Shashura v. Vesta Coal Co.*, 146 Pa. Superior Ct. 161, 163-165, 22 A. 2d 441; *Tomshuck v. Wallin Concrete Corp.*, 146 Pa. Superior Ct. 390, 393-394, 23 A. 2d 74.

board should make a distinct finding whether or not the claimant did or did not hit his knee with a hammer on January 12, 1937, while working for defendant, for it has definitely found that if such an accident did occur, as claimed by the appellee, it did not cause his present pathological condition of disability, and hence he is not entitled to compensation because of it.

The case is somewhat similar—although in a converse relation—to *Zionek v. Glen Alden Coal Co.*, 105 Pa. Superior Ct. 189, 193, 160 A. 154, where the board sustained a finding of the referee that "The hernia responsible for claimant's disability was *either caused or aggravated* by the blow from the retracker and was an injury by an accident in the course of his employment." Counsel for defendant insisted that the board should have made a definite finding whether the hernia was *caused* by the accident or *aggravated* by it, but, speaking through Judge CUNNINGHAM, we said, "We are not convinced that the compensation authorities were required to make a *distinct finding one way or the other* from the conflicting medical testimony in order properly to support their award ...... The finding of the referee was equivalent to saying that even if [the defendant's] testimony be accepted it does not amount to a defense against the claim because, under the uncontradicted testimony, disability immediately followed the accident, and aggravation of a chronic ailment, through an accident in the course of employment, is a recognized ground for an award." (p. 193). (Italics supplied).

So here, sending the record back with directions to the board to make a distinct finding as to whether the claimant did or did not suffer an accident to his knee in the course of his employment on January 12, 1937, was erroneous, because it was immaterial and unnecessary in view of the definite finding of fact by the board that even if he did suffer such an accident, it was

not the cause of the tuberculous arthritis which has disabled him since October 9, 1937.

This being so, the order is appealable. See *Robertson v. Rieder*, 114 Pa. Superior Ct. 518, 174 A. 604, and must be reversed.

The motion to quash is overruled. The order of the court below is reversed and the order of the workmen's compensation board is reinstated.