## Wise, Appellant, *v.* Air Sho Radio Service Corp. et al.

Argued October 12, 1942.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Maurice S. Levy,* for appellant.

*Paul Maloney,* with him *Evans, Bayard & Frick,* and *J. B. H. Carter,* for appellees.

OPINION BY KELLER, P. J., January 28, 1943:

This is an appeal *in forma pauperis* by a partially dependent mother from the judgment of the court of common pleas affirming the order of the workmen's compensation board, which found that her son was not in the course of his employment, within the meaning of the Workmen's Compensation Act, at the time of his accidental death.

William Wise, the appellant's son, was irregularly employed by the defendant company on an hourly basis as a mechanic or plumber's helper. His duties consisted of making emergency repairs to motor-stokers, when called for that purpose, at any time during the day or night. The defendant maintained two trucks, which were available to and used by the decedent and others of its employees—whose work it was to repair stoker equipment installed or serviced by the defendant—for the purpose of transporting the repair crew, and parts or tools necessary for making the repairs, from the defendant's garage to the place where such equipment was installed. On occasions, at nighttime, the decedent had used a car owned by his brother to drive from his home to defendant's garage, and also to answer certain emergency calls which he had been required to make. This had caused some friction with his brother and shortly before his death, decedent had bought a motorcycle for his own use.

On the day before his death, he lent his motorcycle

to a friend, who damaged it so that it could not be operated. The next morning, decedent brought his motorcycle to the defendant's garage with the intention of using the facilities in it for repair of his motorcycle. He died from injuries received from the explosion of an air pump belonging to defendant which he was using to inflate a tire on his motorcycle. The motorcycle had never been used by him on his employer's business, and could not be used until it was mechanically repaired.

The board found, inter alia, the following additional facts:

"6. That at the time of the accident, which resulted in the death of claimant's decedent, he was engaged in repairing his own motorcycle on the premises of the defendant, having asked for and received permission so to do. Further, that at the time of the accident, the decedent was not engaged in any duty incident to his employment, or in furtherance of his master's business.

"6a. That the motorcycle which the decedent was repairing at the time of his death was his own machine, which had never been used by the decedent in connection with his employment with the defendant."

There is evidence in the record to support the board's findings. They sustain the board's conclusion of law that the claimant is not entitled to compensation and its order dismissing the claim petition.

It is not the province of the lower court or of this court to weigh the evidence and find facts. Where there is evidence to sustain the board's findings, and its conclusions of law and its order are supported by the findings, we cannot disturb them.

Judgment affirmed.