Bowers, Appellant, *v.* Schell's Bakery et al.

Argued March 9, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Mark T. Milnor,* for appellant.

*W. E. Shissler* and *Paul G. Smith,* for appellees, were not heard.

PER CURIAM, April 13, 1943:

The claimant in this workmen's compensation case is admittedly totally disabled. The disability is due to a coronary occlusion. The main question before the compensation authorities was whether the coronary occlusion was brought about by the exertion of pushing a half-ton bread truck, half-filled with bread, in order to start it when the mechanical starter would not work, or was the natural result of a diseased condition of his heart and arteries. That was a pure question of fact, the decision of which rested on the final fact-finding body, the board. There was competent medical testimony both ways. It was for the board to decide which view it would adopt. "The credibility of the respective expert witnesses and the weight to be attached to the testimony of each were matters exclusively for the board, and where any conflicts appeared in their theories or opinions it was for the board to decide which conclusion it would adopt": *Coder v. Pittsburgh Des Moines Steel Co.,* 142 Pa. Superior Ct. 407, 411, 412, 16 A. 2d 662.

The board adopted the findings and conclusions of the referee and found that "claimant's disability is the result of a natural progression of a long existing heart condition, which had no connection, either directly or indirectly, with the alleged accident," and accordingly refused to award compensation. There is ample competent medical testimony in the record to sustain the finding.

It is of no consequence that the board, on the first

appeal from the action of the referee denying compensation, sent the case back to the referee with instructions to obtain the evidence of an impartial, expert medical witness. That signified nothing more than that the board was unable or unwilling to decide the question of fact growing out of the conflicting testimony of the medical witnesses called by the claimant and the defendant respectively, without further evidence on the subject. The *final* action of the *board* is what counts, and, on the second appeal from the decision of the referee refusing compensation, the board was convinced by the evidence of the impartial expert, Dr. Cowley—which supported the testimony of Dr. Ervin, defendant's expert medical witness—that there was no causal connection between the pushing of the automobile in order to start it and the coronary occlusion which caused claimant's disability.

As the findings of fact approved and adopted by the board are supported by competent medical testimony and are consistent with each other and with the conclusions of law and order of the board, (*Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 333, 334, 24 A. 2d 51), neither the court below nor this court can set them aside or substitute different findings.

The findings of fact of the board, if supported by substantial, competent evidence, are just as binding on the court of common pleas and this court when they are adverse to the claimant[1] as when they are in his favor.[2]

---

[1] *Joebon v. Reitz Coal Co.,* 136 Pa. Superior Ct. 25, 7 A. 2d 11; *Magiocco v. U. S. Aluminum Co.,* 131 Pa. Superior Ct. 341, 343, 200 A. 117; *Wise v. Air Sho Radio Corp.,* 151 Pa. Superior Ct. 110, 112, 30 A. 2d 211; *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 333, 334, 24 A. 2d 51; *Coder v. Pittsbugh DesMoines Steel Co.,* 142 Pa. Superior Ct. 407, 411, 412, 16 A. 2d 662; *Icenhour v. Freedom Oil Works,* 145 Pa. Superior Ct. 168, 170, 20 A. 2d 817; *Massich v. Keystone C. & C. Co.,* 137 Pa. Superior Ct. 541, 543-545, 10 A. 2d 98. .

[2] *Hoosca v. Lytle Coal Co.,* 129 Pa. Superior Ct. 434, 436, 196

The burden was on the claimant to prove all the elements of his case[3] to the satisfaction of the board. See *Walsh v. Penn Anthracite Mining Co.,* supra, p. 333. The case turned on the weight to be given the conflicting medical testimony. It was for the board to decide between the conflicting opinions as to the cause of the coronary occlusion and find the facts in accordance therewith. We cannot disturb its finding.

The case is distinguishable on its facts from *Good v. Penna. Dept. of Property and Supplies,* 150 Pa. Superior Ct. 187, 199, 28 A. 2d 25, affirmed 346 Pa. 151, referred to in the opinion of the court below, in that in that case the deceased employee was engaged in his regular line of work and there was not sufficient proof of an *accident* within the rulings of our Supreme Court to justify an award.

Judgment affirmed.

A. 892; *Swalm v. J. H. Brokhoff, Inc.,* 145 Pa. Superior Ct. 218, 223, 20 A. 2d 797; *Love v. Elizabeth Coal Co.,* 151 Pa. Superior Ct. 13, 14, 28 A. 2d 726; *Johnson v. Valvoline Oil Co.,* 131 Pa. Superior Ct. 266, 200 A. 224; *Russell v. Scott Paper Co.,* 140 Pa. Superior Ct. 84, 13 A. 2d 81; *Williams v. Susquehanna Collieries Co.,* 148 Pa. Superior Ct. 540, 544, 25 A. 2d 751; *Tomshuck v. Wallin Concrete Corp.,* 146 Pa. Superior Ct. 390, 23 A. 2d 74; *Plaugher v. American Viscose Co.,* 151 Pa. Superior Ct. 401, 30 A. 2d 376.

[3] (1) That the claimant suffered an accident in the course of his employment; (2) that he is disabled; (3) that the disability was caused by or resulted from the accident,