## Senchak, Appellant, *v.* Tech Food Products Company et al.

Argued April 14, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Nathan Holstein,* for appellant.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellee.

PER CURIAM, April 26, 1943:

In this workmen's compensation case the learned court below affirmed the board in disallowing a claim for compensation made by the widow of Joseph Payne.

The claimant alleged that the death of her former husband on September 8, 1938, was due to overexertion on the previous day when in the course of his employment. There was ample evidence to support the findings of the referee, which were affirmed by the board, that there were no unusual circumstances attending the performance of decedent's work which constituted an accident; that death was due to natural causes. The cause of death was a coronary occlusion and there was medical testimony, although contradicted, that the occlusion was the natural progress of the heart disease from which the decedent had suffered.

There was no proof that the character of decedent's work was "unusual" in the sense necessary to establish the occurrence of a compensable accident. Decedent was doing his customary form of work, notwithstanding he went up and down a ladder a number of times the day he had a heart attack, and there was nothing to warrant the conclusion that there was some unexpected occurrence. See *Royko v. Logan Coal Co. et al.,* 146 Pa. Superior Ct. 449, 458, 22 A. 2d 434; *Hamer v. Rishel,* 147 Pa. Superior Ct. 585, 587, 24 A. 2d 664. Mere proof of disability overtaking one at work is insufficient to establish an accident: *Good v. Penna. Dept. of Property & Supplies et al.,* 346 Pa. 151, 154, 155, 30 A. 2d 434.

The board's findings, having been based upon sufficient evidence, are conclusive. It is beyond our province to pass upon the credibility of the witnesses and the weight of the testimony: *Thomas v. Susquehanna Collieries Co.,* 148 Pa. Superior Ct. 161, 165, 25 A. 2d 98.

Judgment is affirmed.