## Carl, Appellant, *v.* American Window Glass Company et al.

Argued April 20, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, KENWORTHEY and RENO, JJ. (HIRT, J., absent).

Samuel J. Goldstein, for appellant.

Murray J. Jordan and Fred J. Jordan, for appellees, were not heard.

PER CURIAM, July 16, 1943:

Claimant's husband died from a coronary occlusion. She filed a claim for compensation, alleging that his death was due to heat exhaustion, suffered in the course of his employment by the defendant.

A post-mortem examination was performed by Dr. Mayhew, in the presence of Doctors Doncaster and Cervino—the latter of whom was the attending physician—all of whom agreed that death was caused by a coronary occlusion, due to a thrombosis, a natural cause, in no way induced by the alleged heat exhaustion.

The referee found as a fact that "Joseph Carl [claimant's husband] died on July 27, 1938 due to a coronary occlusion; that this condition was not caused by reason of the decedent's employment, and that this condition, even though it was present prior to July 26 and 27, 1938, was not aggravated, contributed to or accelerated by decedent's employment." He accordingly disallowed the claim.

On appeal to the board, the referee's findings of fact and conclusions of law and disallowance of compensation were approved by the board.

There was ample medical evidence to sustain the board's action.

The question was one of fact, the decision of which was for the board; and their findings, being supported by substantial, competent evidence, cannot be set aside by the court of common pleas or this court.

The case is in line with our recent decisions in *Hammill v. Matthew Cummings Co.,* 149 Pa. Superior Ct. 121, 27 A. 2d 289; *Bowers v. Schell,* 152, Pa. Superior Ct. 112, 31 A. 2d 442; and *Senchak v. Tech Food Products Co.,* 152 Pa. Superior Ct. 247, 31 A. 2d 746, which refer in greater detail to the governing authorities.

Judgment affirmed.