## Adams v. East Pennsylvania Conference, etc.

*Ralph M. Bashore,* for claimant.

*Penrose Hertzler* and *E. M. Troutman,* for defendant.

CURRAN, J., April 26, 1943.—This is an appeal from an award of workmen's compensation made to claimant by the referee, and affirmed by the Workmen's Compensation Board.

The essential facts in this case are not disputed. On December 14, 1940, the Rev. Parke E. Adams was Pastor of St. John's Evangelical Church of Hegins, Pa. About one week prior to this date, the Reverend Adams was requested by E. E. Schradder, president, and Henry G. Klinger, secretary of the Official Board of St. John's Evangelical Church, to accompany them

and a number of other members of the congregation on a deer-hunting trip to Cold Spring, Lebanon County. On Saturday, December 14, 1940, he accompanied this group of parishioners, and while engaged in deer hunting sustained an injury to his left eye. The injury was caused by a twig penetrating the eye which produced a condition described by Dr. Bacon as an ulceration of the cornea of the left eye, involving the middle two thirds associated with ridocyclitis. This infection produced deep corneal scars and reduced claimant's vision in this eye to 8/200ths minus, which constitutes a loss of industrial vision.

The only question in this case is whether there is sufficient competent testimony to sustain the third, fourth, and fifth finding of fact and the second conclusion of law as made by the referee, and affirmed by the Workmen's Compensation Board. These findings, to which defendant takes exception, are as follows:

"3. On the Sunday before the 14th of December, Mr. H. G. Klinger, the secretary of the official board, invited and requested claimant to join them, saying that he knew it would be all right to do so, and that he considered it the claimant's duty to go along. Some of the members of the congregation had requested Mr. Klinger to have the minister, claimant herein, accompany them, the reason for said invitation or request being that it would promote relationship between the minister and the church members as well as probably the members of the church roll. Mr. Schradder, president of the board, also invited or requested claimant to accompany the party. Claimant advised Mr. Klinger that he was not prepared, did not have a rifle or warm clothing, and the latter offered to lend and supply him with said requisites.

"4. We find that the hunting trip was within the line of duty of claimant at the time of the accident hereinafter found, and was in the furtherance of the business of his employer as a minister of the church.

"5. On said December 14, 1940, claimant, while engaged in a hunting trip in performance of his duties, suffered an accident, in that a branch of a little tree scraped his left eye, causing a virulent infection and ulceration of the cornea of the left eye, which is now quiet but with deep corneal scars. His vision is reduced to 8/200ths minus, the same being less than industrial vision. Notice of the accident was given defendant the same day."

Second conclusion of law:

"2. Having found that claimant was injured while in the course of his employment and having lost the industrial use of his left eye in the furtherance of the business of his employer, he is entitled to be compensated therefor."

The specific question in this case is whether the activities of a clergyman, while engaged in recreation with the members of his congregation, come within the scope of his employment. This question was decided in the affirmative by the referee and the Workmen's Compensation Board. The only question before us is whether there is sufficient competent testimony to sustain the finding that claimant was engaged in activities within the scope of his employment at the time of the accident.

In the case of Freeman v. Salem Reformed Church, 125 Pa. Superior Ct. 367, the court makes the following statement relative to the application of the phrase "in the course of his employment" to clergymen (p. 370):

"Claimant's occupation was designated as a 'minister of the Word' to preach the gospel, to exercise pastoral oversight, to dispense the holy sacraments in conjunction with the elders, to administer Christian discipline and to give himself wholly to Christ in His church. Under such a calling it is difficult to define the exact boundaries of such employment, but it undoubtedly was the purpose of the employment that

claimant's ministrations were in behalf of the members of the Salem Reformed Church and cannot be so extended as to include all and every activity of such individual. Clearly the language 'in the course of his employment' could not be extended to cover claimant's speaking engagements or the errands which claimant had made for his wife, who was sick, a short time prior to the telephone call."

From this opinion it appears that the test to be applied is whether the activity engaged in at the time of the accident was ministration on behalf of the members of his congregation.

The greater part of the testimony in the case before us was offered to show that in the East Pennsylvania Conference of the Evangelical Church it was contemplated among the duties of clergymen that they engage in recreational activities with their parishioners.

Henry G. Klinger, secretary of the official board of claimant's church, testified that it was a part of the duties of the pastor to engage in recreation with the members of the congregation; that such action was deemed as furthering his ministry and the official board could direct or require the pastor to engage in such activities to further this purpose, and in this instance did request him to accompany them to effect an increased church attendance.

Rev. Paul B. Wert, Rev. C. N. Wolfe, Rev. Henry D. Kreidler, and Rev. Herbert C. Moyer, all of whom are members of the East Pennsylvania Conference of the Evangelical Church, and have served in this conference for a number of years, testified that engaging in recreation with members of the congregation came within the commonly-accepted duties of ministers in this conference. Defendant offered no testimony to contradict the evidence offered on behalf of claimant.

As indicated in Freeman v. Salem Reformed Church, supra, the question as to what activity came within the scope of employment of a clergyman may be sub-

ject to widely divergent opinions, and is not readily definable as in other classes of employment. The uncontradicted testimony in this case supports the conclusion of the referee and the Workmen's Compensation Board that claimant was engaged within the scope of his employment at the time of the accident. This finding being supported by legally competent and substantial testimony, it is not within the province of the court to review the facts and set aside the findings: Kennedy v. Holmes Construction Co. et al., 147 Pa. Superior Ct. 348; Tomshuck v. Wallin Concrete Corp. et al., 146 Pa. Superior Ct. 390; Morris v. Yough Coal & Supply Co., 266 Pa. 216.

The award of the Workmen's Compensation Board to claimant must be sustained for the reasons indicated.

Paul, J., did not participate in this opinion.