Fronko *v.* United States Sanitary Manufacturing Company (et al., Appellants).

Argued April 20, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY and RENO, JJ. (JAMES, J., absent).

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellants.

*R. E. McCreary,* of *Bradshaw, McCreary & Reed,* for appellee.

OPINION BY BALDRIGE, J., September 27, 1944:

This workmen's compensation case has had an unnecessarily long history, which requires us to recite in some detail the course it has pursued.

Matt Fronko, an employe of the U. S. Sanitary Manufacturing Co., in the course of his employment on November 8, 1935, sustained accidental injuries as a result of bumping his elbow against a bowl. He worked until November 20 when he quit due to the pain and his inability to use his arm. An agreement was entered into on July 23, 1936, and compensation was paid to him from December 16, 1935, until November 29, 1936. Following the accident arthritis developed in the arm and later extended to various joints of the body. Fronko received medical and surgical treatment, which included the transplanting of the ulnar nerve of the right arm. His condition grew progressively worse and on November 5, 1936, he was admitted to the St. Francis Hospital in Pittsburgh where it was determined that he was suffering from an "acute infectious arthritis of long standing." Fever therapy treatments were given until November 23 when pleurisy developed, which was followed by bronchial pneumonia. He died as a result of that disease on December 1, 1936.

The widow in her claim, which was not filed until October 11, 1937, alleged that her husband's death was due to an accident on November 8, 1935. A responsive answer was filed asserting that Fronko's death was due to natural causes. The matter came before Referee Roberts, who, after hearing the testimony, consisting principally of the testimony of Drs. Mitchel, Sherill, Perry and Bernhardy called by the claimant,

made an award. The board on appeal reversed the finding and conclusions of the referee and dismissed the claim holding that the expert testimony was not sufficiently definite to establish a causal connection between the accident and the death from bronchial pneumonia about a year later, and that medical testimony was necessary to establish a causal connection. The court of common pleas on appeal admitted that the medical testimony failed to meet the standard required to show causal connection, but concluded that the case was one in which it might be found from the natural sequence of events, without the aid of expert medical testimony and that it felt the board had not given proper weight to lowered resistance as a factor in decedent's death. The record was returned to the board for further hearing. The defendant thereupon appealed to this court. When the case came on for hearing we quashed the appeal as being interlocutory and in our order we pointed out "that the board is the final fact-finding tribunal and when there is substantial evidence to support its findings, it is not bound by suggestion of the court below as to the findings of fact which it should make, or what testimony it should believe."

The record was then remanded by the board to Referee Thornton for a hearing. Drs. Bernhardy, Mc Creary, and Forcey were called by the claimant and testified in substance that the decedent's resistance had been lowered by arthritis following the accident and that the accident "most probably" was the cause of death. The claimant's petition was dismissed on the ground that the "pneumonia was not caused, or hastened, by the lowered resistance due to the accident," and that she failed to meet the burden of proof of showing a causal connection between the accident and the decedent's death. In passing upon exceptions to the referee's findings and conclusion, the board in an

opinion by Chairman Murphy filed May 1, 1941, found that death was not caused directly or indirectly by the accident of November 8, 1935, and affirmed the referee. No appeal was taken from that decision, but on May 19, 1941, the claimant asked for another rehearing to recall Drs. Bernhardy, McCreary, and Forcey, so that they could give more explicit testimony to meet the legal standard of causal connection. The defendant filed an answer denying claimant's right to rehearing. The board on June 9, 1941, refused the application stating that the purpose of the rehearing to allow medical witnesses to reform their testimony to conform to the legal requirements "would be a very dangerous practice to encourage." The defendant moved to quash an appeal taken to the court on the ground that the board's order was discretionary, not subject to appeal, and that its termination of the claim on its merits had not been appealed from within the statutory period of 20 days. The court below held that the board was guilty of abuse of discretion and after a lengthy discussion remitted the record for "rehearing and further proceedings not inconsistent with our opinion." The court in the course of its opinion, after reciting much of the medical testimony and discussing the merits of the case, stated that the claim was supported by sufficient competent evidence and that the "lowered resistance" was a proper matter for consideration by the medical witnesses; that the sequence of events was either "overlooked or ignored by the board ...... The failure or omission of the board to pass upon the facts of the sequence of events and lowered resistance persuades us to remit the case to the Workmen's Compensation Board for further action. The Referee in his third finding of fact included both sequence and resistance. For the Board to make a substitute finding, deleting established material facts, was, in our opinion, an error of law. We believe the Board should have

considered the entire record in passing on the facts." The court concluded that the finding by the board as to the lack of causal connection was unsupported by evidence and that the claim was not entirely dependent upon expert medical testimony. The board thereupon referred the case back to Referee Dillman for further hearing. Drs. Bernhardy, McCreary, and Forcey were recalled and testified. The referee in his eighth finding found that there was a causal connection between the injury on November 8, 1935, the subsequent arthritic condition, and the decedent's death from bronchial pneumonia and accordingly made an award in favor of the claimant. The board in an opinion written by Chairman Murphy affirmed the referee's finding and the award. The court below on appeal upheld the board, entered judgment in favor of the claimant, from which this appeal was taken. We think the court entirely misconceived its powers.

The record clearly discloses that prior to the last rehearing on October 2, 1942, the testimony of the doctors called by the claimant did not meet the legal standard of proof as determined in *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A. 2d 995; *Monahan v. Seeds & Durham et al.*, 336 Pa. 67, 6 A. 2d 889; *Euker v. Welsbach Street Lighting Co. of America*, 149 Pa. Superior Ct. 78, 25 A. 2d 758.

Undoubtedly the death was not so immediate, direct, or the natural and probable consequence of the injury to the arm a year previous, that expert medical testimony was not required to establish causal connection: *Bunnell v. State Workmen's Insurance Fund et al.*, 124 Pa. Superior Ct. 171, 174, 188 A. 411. We will not attempt to discuss appellant's contention that medical testimony of the three doctors at the last hearing, recalled in an effort to strengthen their former testimony was so equivocal and so weakened on cross

examination that it was not sufficient to support an award. We call attention, however, to our authorities which hold the testimony of lowered resistance is of a vague and indefinite character, insufficient in itself to support an award. ,A direct expression of professional opinion was required that lowered vitality was the principal cause of death from a germ disease: *Bunnell v. State Workmen's Insurance Fund et al.*, supra; *Parzuhoski v. Pittsburgh Terminal Coal Corp.*, 140 Pa. Superior Ct. 179, 182, 183, 13 A. 2d 879; *Olsweski v. Lehigh Navigation Coal Co.*, 145 Pa. Superior Ct. 193. 20 A. 2d 874; *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333, 334, 24 A. 2d 51; *Anderson v. Baxter*, 285 Pa. 443, 447, 448, 132 A. 358; *Stauffer v. Hubley Mfg. Co.*, 151 Pa. Superior Ct. 322, 327, 328, 30 A. 2d 370, 374.

We make but a brief reference to the above contention because we prefer to base our reversal of this case upon the ground that there was no justification for the court's holding that the board was guilty of abuse of discretion in not granting the second rehearing. The granting or refusing of a new hearing under section 426 of the Workmen's Compensation Act, as amended, 77 PS §871, is a matter of discretion of the board and its order is appealable only for an abuse thereof; *Barton v. Pittsburgh Coal Co.*, 113 Pa. Superior Ct. 454, 463, 173 A. 678; *Schach v. Hazle Brook Coal Co.*, 130 Pa. Superior Ct. 430, 198 A. 464.

Turning to the record we find, as above stated, that a rehearing had been granted previously. The doctors' testimony when the application was originally before the board was unquestionably insufficient to support an award. Dr. Sherill, on the staff of the St. Francis Hospital, called by the claimant and in whose care the deceased was when he died, said that he did not know, when Fronko entered the hospital, that he had had an

accident. But when he was informed at the hearing of the accident, that fact was considered by him in testifying as shown by the following excerpt of his testimony: "By the Referee: Q. Then, doctor, it is your opinion that this man was disabled as a result of this accident, and his resistance was lowered that his death, that this man, that this may have been a contributory cause of pneumonia that caused his death? A. No, I cannot go that far ...... Q. And do I understand you, it is your opinion that there is no connection between arthritis and the developing pneumonia? A. There is no connection between them at all ...... Q. (By the Referee) Doctor, since he did have this arthritis, and since he got this pneumonia a year after, and he died within five days, you do say that it is possible that the accident and the lowered resistance, it is possible that that had something to do with the death from pneumonia? A. I don't think so, you are going too far."

There was ample affirmative evidence, therefore, to support the findings and conclusions of the board. It did consider the claimants contention of "lowered resistance" and "sequence of events." Those matters were not "overlooked or ignored" by the board. Express reference was made thereto. A rehearing is granted only where additional evidence can be produced or where claimant has not been given an opportunity to present his case. It should not be allowed simply to explain or strengthen weak proofs already presented. Section 426, supra, "does not intend such new hearings shall continue indefinitely" or be granted to hear additional evidence that is merely cumulative: *Vorbnoff v. Mesta Machine Co. et al.*, 286 Pa. 199, 209, 210, 133 A. 256. Such a practice would disturb our present procedure in compensation cases and would result in many instances as in this case, in an unwarranted delay of an ultimate judgment.

Furthermore, as we read the court's opinion, it apparently attempted to pass upon the facts when it had a right only to review the law. Neither the lower court nor this court has power to find facts and we have often so held. The findings of the board supported by substantial competent evidence are conclusive on the court: *Ferrante v. Ferrante et al.*, 123 Pa. Superior Ct. 74, 186 A. 426; *Hammill v. Matthew Cummings Co. et al.*, 149 Pa. Superior Ct. 121, 27 A. 2d 289; *Carl v. American Window Glass Co. et al.*, 152 Pa. Superior Ct. 475, 33 A. 2d 93. What a court cannot do directly, it cannot do indirectly by remitting the case for further findings where such an order is in effect an instruction to make a finding in a given way: *Icenhour v. Freedom Oil Works Co. et al.*, 136 Pa. Superior Ct. 318, 7 A. 2d 152; *Carberry v. Reitz Furniture Co. et al.*, 152 Pa. Superior Ct. 417, 423, 33 A. 2d 289.

For the reasons stated the award must be set aside. Judgment is reversed and now entered for the defendant.