## Lopen, Appellant, v. Economy Coat, Apron, Towel & Linen Supply Company et al.

Argued October 11, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

594

*David L. Ullman,* with him *Samuel Abramson,* for appellant.

*Glenn A. Troutman,* for appellee.

OPINION BY DITHRICH, J., January 14, 1949:

Claimant has appealed from a judgment of the Court of Common Pleas No. 2 of Philadelphia County affirming the denial by the Workmen's Compensation Board of his petition for a rehearing. The petition for rehearing was not filed until after the time for taking an appeal from the decision of the Board reversing the referee's award of compensation had elapsed.

While driving a laundry truck for his employer, claimant in some manner caught his right foot under the brake pedal, thereby bruising it. He received treatment for the injury to his foot from his family physician from January 20, 1944, a day or two following the accident, until February 14, 1944, when the "lacerations" caused by the trauma had healed, but the condition of the foot indicated the existence of Buerger's disease. On February 22, he was treated by Dr. Louis B. Heimer for gangrenous ulceration of the injured foot. As this condition became progressively worse, Dr. Heimer called in consultation Dr. Paul Meshberg, who in turn advised referring the case to Dr. Meyer Naide, a vascular specialist. Dr. Naide, having received a history of Buerger's disease for a period of nine or ten years, advised immediate hospitalization and surgery to halt or arrest the ravages of gangrene. Consequently the right leg was amputated.

At the hearing before the referee Dr. Naide testified that an injury such as claimant sustained "could" and

in this case "very likely did" aggravate the disease with which claimant was afflicted. The Board reversed the referee's award on the ground that a causal connection between the injury and the loss of the leg had not been proven.

Claimant concedes that the testimony of Dr. Naide, the vascular specialist and the one consulting physician best qualified to express an opinion on Buerger's disease, falls far short of the required standard of definiteness. *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 271, 3 A. 2d 995; *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 206, 133 A. 256. He, however, avers in his petition that, if a rehearing were granted, Dr. Meshberg would testify that the injury aggravated a latent condition of Buerger's disease and that Dr. Everett C. Koop, the operating surgeon, would testify that in his opinion the injury "coupled with appearance of ulcers on the said foot at the site of the injury, coupled with subsequent gangrene, was the direct cause of the amputation." In its order denying the prayer of the petition the Board said, in part: "the additional testimony . . . would tend to contradict expert opinion of higher authority already adduced in the claimant's behalf and . . . this would merely confuse the issue." The Board manifestly had in mind that Dr. Meshberg, who was not a specialist in vascular diseases and who saw the claimant only once, had advised referring the case to Dr. Naide, and that Dr. Koop did not profess to have expert knowledge outside his chosen field of surgery.

The question thus presented is whether the Board was guilty of an abuse of discretion in refusing the petition for a rehearing. We agree with the learned court below that "There is no doubt whatever that the Board in reaching its conclusion acted judicially and in the reasonable exercise of a sound discretion. In such a case we have no power to substitute our judgment for that of the Board. *Fronko v. U. S. Sanitary Manufacturing Co.*, 155 Pa. Superior Ct. 636 [39 A. 2d 363], and cases there

cited; Hosterman v. Best, 158 Pa. Superior Ct. 617 [45 A. 2d 872]," and with its conclusion that "While the Workmen's Compensation statutes are to be construed with reasonable liberality in favor of claimants with respect to pleadings and to the admission of and quality of proof, it is none the less required that even such litigation shall have an end, and the Board is not required to grant a rehearing upon every change of counsel for claimant."

*Gaffey v. John J. Felin Co.,* 162 Pa. Superior Ct. 222, 57 A. 2d 432, chiefly relied upon by appellant as a "blood brother" to the case at bar, is readily distinguishable on the facts. We there reversed the lower court and the Workmen's Compensation Board and remitted the record for further hearing to permit claimant, who had not changed counsel or secured additional counsel, but who had not been represented by *any* counsel at the hearing, to show that it was "caustic soda in the liquid," instead of merely rain water, which splashed in his eye, causing the loss of it. We said, speaking through Judge HIRT, page 227: ". . . it would have required more than due diligence in an inexperienced workman, without the benefit of counsel, to have realized the importance of such proof or to have developed testimony to that effect." It is significant, however, to note that in that case we said, page 226: "Proof of a number of the averments of the petition for a rehearing would have been merely cumulative evidence of claimant's contention that he had had no trouble with the eye for eight years and that it was not infected nor inflamed prior to the accident. The offer of additional positive medical testimony to the effect that the accident caused the injury also would have been but cumulative."

Judgment affirmed.